UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE BOUCHER AS EXECUTRIX )<br>OF THE ESTATE OF STASIA ST. )<br>AMAND )<br>       PLAINTIFF )<br> )<br>V. )<br> )<br>MARRIOTT INTERNATIONAL, INC. )<br>MSLS-MAPLERIDGE, INC. doing )<br>business as MARRIOTT SENIOR LIVING )<br>SERVICES and, or MARRIOTT )<br>MAPLERIDGE ASSISTED LIVING )<br>COMMUNITY ) | **05 ᶜᵛ 11720 RCL**<br><br>C.A. No.<br><br><br><br>**MAGISTRATE JUDGE** *Bowler* |

## NOTICE OF REMOVAL

### TO: The Chief Judge and Judges of the United States District Court for the District of Massachusetts

The defendant, Marriott International, Inc. ("Marriott"), a Delaware corporation with its

principal place of business in Bethesda, Maryland, files this Notice of Removal of the captioned

action from the Superior Court, Bristol County, Commonwealth of Massachusetts, to the United

States District Court for the District of Massachusetts.

In support of its Notice of Removal, Marriott states:

1. On or about August 5, 2005, the Plaintiff, Marlene Boucher as Executrix of the Estate of

Stasia St. Amand filed this action in the Superior Court, Bristol County, Commonwealth of

Massachusetts. A courtesy copy of the Complaint had been received by Marriott on July 21, 2005

prior to it being filed. A copy of the cover letter is attached hereto as Exhibit A.

```
RECEIPT #_____
AMOUNT $ 250-_____
SUMMONS ISSUED N_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. Bains_____
DATE 8/18/05_____
```

2.  The defendant MSLS-Mapleridge, Inc. received through its agent for service in Massachusetts, CT Corporation System, the Summons, Complaint, and Statement of Damages in this action on August 16, 2005. See Exhibits B, C, and D.  No other defendant has been served.

3.  The plaintiff in this personal injury action seeks recovery for injuries that allegedly occurred to Stasia St. Amand while a resident at MapleRidge of Dartmouth Assisted Living Community.  Specifically, the plaintiff alleges that "as a direct and proximate result of the defendant's failure to supervise their residents and monitor their facility, Mrs. St. Amand was allowed to fall and wander multiple times, was delayed medical treatment, was not transferred to a more appropriate setting and suffered multiple injuries, including mental and physical deterioration, rib fractures, painful hospital intervention and other injuries" (Complaint attached in Exhibit C). The Civil Action Cover Sheet identifies damages alleged in excess of $850,000.00 (Attached in Exhibit D).  Given the nature of the alleged injuries and considering the additional elements of general damages, the amount in controversy exceeds $75,000.00.

4.  The plaintiff Marlene Boucher as Executrix of the Estate of Stasia St. Amand, upon information and belief is a resident of Acushnet, Massachusetts.

5.  The defendant, Marriott International, Inc. is a Delaware corporation with its principal place of business in Bethesda, Maryland.

6.  The defendant, MSLS Mapleridge, Inc. on information and belief is a Delaware corporation with a usual place of business in McLean, Virginia.

7.  The defendant, an entity formerly known as Marriott Senior Living Services, Inc. on information and belief was a Delaware corporation with a usual place of business in Bethesda, Maryland.

2

8. The entities referenced in the Complaint as "MapleRidge of Dartmouth" and "Marriott MapleRidge Assisted Living Community" are not known legal entities.

6. Federal jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The action is removable pursuant to 28 U.S.C. §1441(b) because none of the defendants are citizens of Massachusetts.

7. This Notice of Removal has been filed less than thirty (30) days after service upon any defendant or after Marriott's receipt of the courtesy copy of the Complaint before it was filed.

8. All defendants consent to this Notice of Removal.

WHEREFORE, Marriott International, Inc. requests removal of the captioned action from

the Superior Court, Bristol County, Commonwealth of Massachusetts.

Dated: August 18, 2005

MARRIOTT INTERNATIONAL, INC.

By its Attorneys

CAMPBELL CAMPBELL EDWARDS & CONROY

James M. Campbell
Michelle I. Schaffer
One Constitution Plaza
Boston, MA 02129
617-241-3000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel for all parties by mail on August 18, 2005.

David J. Hoey
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864

Michelle I. Schaffer

4



**HOEYLAW**

**LAW OFFICES OF DAVID J. HOEY, P.C.**
350 Park Street, Suite 205 • North Reading, MA 01864
hoeylaw@earthlink.net • www.hoeylaw.com
(978) 664-3633
(978) 664-3643 Facsimile



RECEIVED
JUL 2 1 2005
BY:

February 1, 2005

Greg L. Hurst
Claims Adjuster
MARRIOTT Claims Services.
320 Interstate North Parkway
Suite 205
Atlanta, GA 30339

**Re:**    **Estate of Stasia St. Amand**
**Vs:**    **Marriott International, Inc.; MSLS-MapleRidge, Inc. d/b/a Marriott**
**MapleRidge of Dartmouth a/k/a Marriott Senior Living Services and/or**
**Marriott MapleRidge Assisted Living Community**
**File #: 005884**

Dear Claims Adjuster Hurst:

Per our conversation of last week enclosed please find:

  1)    Complaint. Please be advised that the complaint has been filed this day.
        According to the Massachusetts Rules of Civil Procedure the plaintiff has 90
        days to serve the compliant. I will wait to hear back from you before I serve
        the complaint.

  2)    Memorandum regarding the tolling of the statute of limitations.

  3)    Copy of the St. Luke's Hospital records.

  4)    Copy of the Probate Decree

Thank you. I will await your response. In addition, I will be drafting and adding to the
Complaint a claim pursuant to the Massachusetts Consumer Protection statute (M.G.L.
ch. 93A) for unfair and deceptive practices. This has a four year statute of limitations.

Very truly yours,

DAVID J. HOEY

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. 2005-008534

<u>      Estate of Stasia St. Amand      </u> , Plaintiff (s)

v.

<u>      MSLS-Mapleridge, Inc.      </u> , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
(TORT)— MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

To THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon David J. Hoey

350 Park Street, North Reading, MA 01864

plaintiff's attorney, whose address is ................................................................................................;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 8th day of August, in the year of our Lord two thousand and 2005

A true copy Attest:

Deputy Sheriff Suffolk County

*Magistrate*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT
                                               CIVIL ACTION
                                               NO.:

MARLENE BOUCHER AS EXECUTRIX           )
OF THE ESTATE OF STASIA ST. AMAND      )
              PLAINTIFF                 )        .·
                                       )
        V.                             )
                                       )
MARRIOTT INTERNATIONAL, INC.           )
MSLS-MAPLERIDGE, INC. doing business as )
MAPLERIDGE OF DARTMOUTH also known as  )
MARRIOTT SENIOR LIVING SERVICES and, or )
MARRIOTT MAPLERIDGE ASSISTED LIVING    )
COMMUNITY                              )
              DEFENDANTS                )

## COMPLAINT

### GENERAL ALLEGATIONS

1)   The Plaintiff, Marlene Boucher as the Executrix of the Estate of
     Stasia St. Amand is the representative of an estate probated in the
     Commonwealth of Massachusetts, of the Bristol County Probate
     Court, and represents the causes of action and other assets which
     inure to the heirs of the late Stasia St. Amand.

2)   Defendant, Marriott International, Inc. from January 26, 2001 to
     February 6, 2002, was a foreign corporation organized under the
     laws of the state of Delaware having its principle place of business
     at 10400 Fernwood Road, Bethesda, MD.

3)   At all times relevant hereto the defendant, Marriott International,
     Inc. owned, managed and or operated MapleRidge of Dartmouth
     an assisted living residence in the Commonwealth of
     Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

4)   Defendant, MSLS-MapleRidge, Inc. from January 26, 2001 to
     February 6, 2002, was a foreign corporation organized under the
     laws of the state of Delaware having its principle place of business
     at 7902 Westpark Drive, McLean, VA.

5)   At all times relevant hereto the defendant, MSLS-MapleRidge, Inc
     owned, managed and or operated MapleRidge of Dartmouth an
     assisted living residence in the Commonwealth of Massachusetts
     as defined by 651 CMR 12.00-12.14, et. seq.

6)   At all times relevant hereto MSLS-MapleRidge, Inc. was doing
     business as MapleRidge of Dartmouth and was also known as
     Marriott Senior Living Services and or Marriott MapleRidge
     Assisted Living Community an assisted living residence located at
     274 Slocum Road, Dartmouth, Bristol County, Massachusetts.

7)   From January 26, 2001 to February 6, 2002, Stasia St.Amand, also
     known as Stasia Natalie St. Amand, was a resident of defendant's
     Assisted Living Residence, MapleRidge of Dartmouth and was
     also known as Marriott Senior Living Services and or Marriott
     MapleRidge Assisted Living Community, located at 274 Slocum
     Road, Dartmouth, Bristol County, Massachusetts.

8)   Defendants, Marriott International, Inc. and MSLS-MapleRidge,
     Inc. are the real parties in interest as the owners and operators of
     the above-referenced assisted living residence wherein it is alleged
     that negligent care, supervision or treatment caused the plaintiff's
     decedent her injuries and will be referred to as "defendants"
     collectively.

9)   Stasia St.Amand, at all times relevant hereto, suffered from a
     mental impairment associated Dementia and according to the
     defendants she suffered from "memory disorder" and thus
     preventing her from understanding the nature or effects of her acts
     and thus prevented her from comprehending her legal rights.

## COUNT I
### Negligence

10)  Plaintiff hereby realleges and repeats paragraphs 1-9 of this
     Complaint, in the same manner and fashion as if expressly set
     forth herein.

11)  Defendants, at all time pertinent hereto, was a certified assisted
     living residence in the Commonwealth of Massachusetts.

12)  Defendants, at all times pertinent hereto, were the owner and/or
     operator of MapleRidge of Dartmouth and was also known as
     Marriott Senior Living Services and or Marriott MapleRidge
     Assisted Living Community, located at 274 Slocum Road,
     Dartmouth, Bristol County, Massachusetts from January 26, 2001
     to February 6, 2002, when the injuries, which are the subject
     matter of this complaint, were occasioned.

13) As Mrs. St. Amand was a paying resident of said assisted living residence, defendants by and through their employees, had contractual and other duties to provide competent supervision, monitoring and other services to Mrs. St. Amand as required by law and consistent with community standards.

14) Defendants also had a duty to provide safety at all times for its residents, including Mrs. St. Amand.

15) Defendants held themselves out to be a specialist in the field of assisted living with the expertise to maintain the monitoring, supervision and safety and well being of persons unable to care for themselves on a daily basis, such as Mrs. St. Amand.

16) The defendant also had a duty to refrain from injuring its residents, including Mrs. St. Amand.

17) Notwithstanding said duties, on or about May 24, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

18) Notwithstanding said duties, on or about August 3, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

19) Notwithstanding said duties, on or about August 4, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

20) Notwithstanding said duties, on or about August 6, 2001, Mrs. St. Amand was found to have an injury of unknown origin.

21) Notwithstanding said duties, on or about October 16, 2001, Mrs. St. Amand wandered (eloped) and her whereabouts unknown.

22) Notwithstanding said duties, on or about November 29, 2001, Mrs. St. Amand was allowed to wander about the facility without cloths and lack of dignity.

23) Notwithstanding said duties, on or about December 13, 2001, Mrs. St. Amand wandered (eloped) and her whereabouts unknown.

24) Notwithstanding said duties, on or about January 12, 2002, Mrs. St. Amand fell on the defendant's premises and was injured.

25) Notwithstanding said duties, on or about January 15, 2002, Mrs. St. Amand was found to have an injury of unknown origin.

26) Notwithstanding said duties, on or about January 21, 2002, Mrs. St. Amand fell on the defendant's premises and was injured.

27) On or about January 26, 2002, Mrs. St. Amand was sent to the hospital with broken ribs and internal bleeding injury.

28) As a direct and proximate result of the defendant's failure to supervise their residents and monitor their facility, Mrs. St. Amand was allowed to fall and wander multiple times, was delayed medical treatment, was not transferred to a more appropriate setting and suffered multiple injuries, including mental and physical deterioration, rib fractures, painful hospital intervention, and other injuries.

29) The defendants negligently permitted Mrs. St. Amand to sustain injury and failed to prevent accidents.

30) The defendants negligently failed to properly train its staff in monitoring Mrs. St. Amand and others like her who was unable to attend to their own safety and were confined to an assisting living residence.

31) The defendants negligently failed to provide safety to its residents and Mrs. St. Amand resulting in Mrs. St. Amand's injuries.

32) This defendant was further negligent as it:

a. Carelessly and negligently failed to provide safe environment of Mrs. St. Amand;

b. Carelessly and negligently failed to provide proper training to staff regarding Dementia;

c. Carelessly and negligently failed to provide adequate and proper supervised services as needed by Mrs. St. Amand;

d. Carelessly and negligently failed to maintain Mrs. St. Amand's dignity;

e. Carelessly and negligently failed to provide necessary monitoring and supervision services for Mrs. St. Amand;

f. Carelessly and negligently failed to prevent the incidents from occurring;

g. Carelessly and negligently failed to seek immediate treatment and hospital intervention for Mrs. St. Amand;

h. Carelessly and negligently failed to aide in a time of need and danger;

i. Carelessly and negligently failed to act as a reasonable prudent assisted living facility under the circumstances.

j. Carelessly and negligently failed to transfer Mrs. St.Amand to a more appropriate environment.

33) At all times pertinent hereto, Mrs. St. Amand was unable to care for herself and was under the exclusive control and supervision of the defendants.

34) At all times pertinent hereto, Mrs. St. Amand was in the exercise of due care under the circumstances and was otherwise free from any and all comparative negligence.

35) As a direct and proximate result of the defendant's wrongful and negligent acts and omissions, as aforesaid, Mrs. St. Amand was severely injured, was caused to endure extreme conscious pain and suffering for an extended period of time, suffered bodily injury, incurred expenses for her medical treatment, hospitalized, and was otherwise injured and damaged as a direct and proximate result of these acts and omissions.

**WHEREFORE**, the Plaintiff prays that judgment be entered in their favor and against the defendants in an amount deemed just and fair by this Honorable Court, together with interest, attorney fees, costs of suit, and for such other relief as the Court may a allow.

## COUNT II
### Violation of Regulations

36) Plaintiff realleges and repeats paragraphs 1 through 35 of this Complaint in the same manner and fashion as if expressly set forth in herein.

37) The defendants, at all times relevant hereto have failed to provide a sufficient number of trained, experienced and competent personnel; have failed to provide appropriate services and supervision and safety for all residents and have failed to ensure that their personal needs are met and that they remain free of accidents, failed to ensure dignity, all in violation of the regulations for assisted living facilities of the Massachusetts Executive office of Elder Affairs, 651 CMR 12.00, et seq.

38) The defendants failed to comply with state laws, rules, regulations, and guidelines designed to protect the health and safety of residents such as Mrs. St. Amand. The defendants were negligent per se in violating the following regulations:

a.    651 CMR 12:04 which relates to **General Requirements For An Assisted Livings Residents** and several of its subparts.

b.    651 CMR 12.08 which relates to **Resident Rights** and several of its subparts;

c.    651 CMR 12.05 which relates to **Record Requirements** and several of its subparts;

d.    any other regulations, which were violated as, ascertained during the course of discovery.

39)    As a direct and proximate result of said violation of regulation, Mrs. St. Amand, was exposed to risk of personal injury from abuse, mistreatment or neglect, and did, in fact suffer such personal injury as a result thereof.

**WHEREFORE**, Plaintiffs demand judgment against the defendants, for violation of law, statute or regulation in a sum of money deemed sufficient by the Court of Jury to compensate the plaintiff for personal injuries, bills for medical care and attendance, and for pain and suffering, together with interest and costs.

## COUNT III
### Breach of Contract

40)    Plaintiff realleges and repeats paragraphs 1 through 39 of this Complaint in the same manner and fashion as of expressly set forth in herein.

41)    The defendants, for good and sufficient consideration undertook to provide to plaintiff services for her occupancy, board, safety, comfort and care adequate to meet her reasonable needs and requests, such services to meet or exceed the minimum levels of services established by state regulations and community standards.

42)    The defendants' failure to adhere to contract provisions signed with plaintiff and/or their failure to adhere to regulations set forth in previous Count, constitute breaches of contract.

43) Defendants failed to provide plaintiff with adequate services and failed to meet her reasonable needs and requests and failed to provide services at levels at or above the minimum levels set by law and community standards, all in breach of their contract obligations to plaintiff.

44) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury while a resident at defendants' facility.

45) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury on May 24, 2001; August 3, 4, 6, 2001; October 16, 2001; November 29, 2001; December 13, 2001; January 10, 12, 15, 21, 23, 26, 27 2002 and thereafter.

**WHEREFORE,** Plaintiff demands judgment against the defendant, in a sum of money deemed sufficient by the Court of Jury to compensate her for personal injuries, bills for medical care and attendance and for pain and suffering, disfigurement, scarring and for return of moneys paid by Plaintiff or on her behalf to Defendants together with interest and costs.

### THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS

The Plaintiff,
By Her Attorney

DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: July 7, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Estate of Stasia St. Amand | Marriott International, INC. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE   978-664-3633 | ATTORNEY (if known) |
|---|---|
| David J. Hoey<br>350 Park Street North Reading MA 01864<br>Board of Bar Overseers number:  628619 | |

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)     TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B99 | Assisted Living  (F) | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................... Approx..$.10,000.....
2. Total Doctor expenses ..................................................... Approx..$..5,000......
3. Total chiropractic expenses .............................................. $............
4. Total physical therapy expenses ......................................... Approx..$..6,000.....
5. Total other expenses (describe) ..........Ambulance................... Approx..$..750.00....
    Subtotal $ .22,000.00..
B. Documented lost wages and compensation to date ............................... $............
C. Documented property damages to date ........................................ $............
D. Reasonably anticipated future medical and hospital expenses .................. $............
E. Reasonably anticipated lost wages .......................................... $............
F. Other documented items of damages (describe)

$............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff's decedent while a resident of Defendant's Assisted Living Residence fell multiple times fracturing her ribs and other injuries as a result of neglect

$. 850,000 ....
TOTAL $............
excess of

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

The Complaint also contains a Breach of Contract Count

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                          DATE: 7-29-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# 05  11720 RCL

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 Civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS Marriott International, Inc. |
|---|---|
| Marlene Boucher as Executrix of the Estate of Stasia St. Amand | MSLS-Mapleridge, Inc. doing business as Marriott Senior Living Services and, or Marriott Mapleridge Assisted Living Community |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Bristol | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Bethesda, MD |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) James M. Campbell |
|---|---|
| David J. Hoey | Michelle I. Schaffer |
| Law Office of David J. Hoey, P.C. | Campbell Campbell Edwards & |
| 350 Park Street, Suite 205 | Conroy |
| North Reading, MA 01864 | One Constitution Plaza |
| | Boston, MA 02129 |

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 2 U.S. Government
    Defendant

☐ 3 Federal Question
    (U.S. Government Not a Party)

☒ 4 Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                          AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

Personal Injury box marked: ☒ 360 Other Personal Injury

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This action is removable pursuant to 28 U.S.C. 1441 (b) because there is complete diversity and the matter in controversy exceeds $75,000.

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions) JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

DATE
8/18/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

**05 ᶜᵛ 11720 RCL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)**    Marlene Boucher as Executrix of the Estate of
Stasia St. Amand v. Marriott International, Inc.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

|  | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
|  | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| XX | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
|  | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
|  | V. | 150, 152, 153. |

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

_____

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

    YES [ ]    NO [X]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

    YES [ ]    NO [X]

    **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

    YES [ ]    NO [X]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

    YES [ ]    NO [X]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

    YES [X]    NO [ ]

    A.    **If yes, in which division do all of the non-governmental parties reside?**

    Eastern Division [X]    Central Division [ ]    Western Division [ ]

    B.    **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

    Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**

    YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)

**ATTORNEY'S NAME** ____ Michelle I. Schaffer _____

**ADDRESS** Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA 02129

**TELEPHONE NO.** ____ 617-241-3000 _____

(CategoryForm.wpd - 5/2/05)