MAS-20041213　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　08/22/2005
barbmeli　　　　　　　　　　　　　　　BRISTOL SUPERIOR COURT　　　　　　　　　　　　10:42 AM
　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

Case 1:05-cv-11720-RCL    Document 2    Filed 08/24/2005    Page 1 of 12

## BRCV2005-00853
### Boucher as executrix of the estate of Stasia St. Amand v Marriott International, Inc. et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/05/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 08/19/2005 | **Session** | A - CtRm 1 - (Fall River) | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/03/2005 | **Answer** | 01/02/2006 | **Rule12/19/20** | 01/02/2006 |
| **Rule 15** | 01/02/2006 | **Discovery** | 06/01/2006 | **Rule 56** | 07/01/2006 |
| **Final PTC** | 07/31/2006 | **Disposition** | 09/29/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Marlene Boucher as executrix of the estate of
Stasia St. Amand
Active 08/05/2005

**Private Counsel 628619**
David J Hoey
Hoey Law Office (David J)
350 Park Street, Suite 205
North Reading, MA 01864
Phone: 978-664-3633
Fax: 978-664-3643
Active 08/05/2005 Notify

**Defendant**
Marriott International, Inc.
10400 Fernwood Road
Bethesda, MD 20813
Service pending 08/05/2005

**Defendant**
MSLS-Mapleridge, Inc
7902 Westpark Drive
Service pending 08/05/2005

**Doing busnss as (alias)**
Mapleridge of Dartmouth
Active 08/05/2005

A True Copy By Photostatic Process
Attest: *[signature]*
Asst. Clerk of Courts

MAS-20041213
barbmeli

Case 1:05-cv-11720-RCL   Document 2   Filed 08/24/2005   Page 2 of 12

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

08/22/2005
10:42 AM

## BRCV2005-00853
### Boucher as executrix of the estate of Stasia St. Amand v Marriott International, Inc. et al

**Doing busnss as (alias)**
Marriott Senior Living Services
Active 08/05/2005

**Doing busnss as (alias)**
Marriott Mapleridge Assisted Living Community
Active 08/05/2005

**Other interested party**
FILE COPY
Active 08/05/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/05/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 08/05/2005 | | Origin 1, Type B99, Track F. |
| 08/19/2005 | 2.0 | Notice for Removal to the United States District Court filed by Marriott International, Inc. |
| 08/19/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 08/05/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One Trial Review | Event held as scheduled |

#2

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                SUPERIOR COURT
                                            CIVIL ACTION
                                            NO. 2005-00853

MARLENE BOUCHER AS EXECUTRIX  )
OF THE ESTATE OF STASIA ST.   )
AMAND                         )
              PLAINTIFF       )
                              )
V.                            )
                              )
MARRIOTT INTERNATIONAL, INC.  )
MSLS-MAPLERIDGE, INC. doing   )
business as MARRIOTT SENIOR LIVING )
SERVICES and, or MARRIOTT     )
MAPLERIDGE ASSISTED LIVING    )
COMMUNITY                     )



BRISTOL, SS SUPERIOR COURT
FILED
AUG 19 2005
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

### NOTICE OF REMOVAL

TO:   The Chief Judge and Judges of the Superior Court
      Bristol County

Please take notice that on August 18, 2005, the defendant, Marriott International, Inc., a Delaware corporation with a principal place of business in Bethesda, Maryland, served a Notice of Removal pursuant to 28 U.S.C. Sec. 1441 et. Seq., containing a statement of facts which entitles it to remove the case to the United States District Court, District of Massachusetts,

F.D.C #
05C211720
R.C.L

A True Copy By
Attest: _____
        Asst. Clerk of Courts

1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION
                                                NO.: 05-853

MARLENE BOUCHER AS EXECUTRIX          )
OF THE ESTATE OF STASIA ST. AMAND     )   BRISTOL, SS SUPERIOR COURT
              PLAINTIFF               )          FILED
                                      )
       V.                             )         AUG - 5 2005
                                      )
                                      )
MARRIOTT INTERNATIONAL, INC.          )
MSLS-MAPLERIDGE, INC. doing business as )  MARC J. SANTOS, ESQ.
MAPLERIDGE OF DARTMOUTH also known as )    CLERK/MAGISTRATE
MARRIOTT SENIOR LIVING SERVICES and, or )
MARRIOTT MAPLERIDGE ASSISTED LIVING )
COMMUNITY                             )   F.D.C#
              DEFENDANTS              )
                                          05CZ11720
                                              R.C.L

## COMPLAINT

### GENERAL ALLEGATIONS

1) The Plaintiff, Marlene Boucher as the Executrix of the Estate of Stasia St. Amand is the representative of an estate probated in the Commonwealth of Massachusetts, of the Bristol County Probate Court, and represents the causes of action and other assets which inure to the heirs of the late Stasia St. Amand.

2) Defendant, Marriott International, Inc. from January 26, 2001 to February 6, 2002, was a foreign corporation organized under the laws of the state of Delaware having its principle place of business at 10400 Fernwood Road, Bethesda, MD.

3) At all times relevant hereto the defendant, Marriott International, Inc. owned, managed and or operated MapleRidge of Dartmouth an assisted living residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

4) Defendant, MSLS-MapleRidge, Inc. from January 26, 2001 to February 6, 2002, was a foreign corporation organized under the laws of the state of Delaware having its principle place of business at 7902 Westpark Drive, McLean, VA.

5) At all times relevant hereto the defendant, MSLS-MapleRidge, Inc owned, managed and or operated MapleRidge of Dartmouth an assisted living residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. seq.

6) At all times relevant hereto MSLS-MapleRidge, Inc. was doing business as MapleRidge of Dartmouth and was also known as Marriott Senior Living Services and or Marriott MapleRidge Assisted Living Community an assisted living residence located at 274 Slocum Road, Dartmouth, Bristol County, Massachusetts.

7) From January 26, 2001 to February 6, 2002, Stasia St.Amand, also known as Stasia Natalie St. Amand, was a resident of defendant's Assisted Living Residence, MapleRidge of Dartmouth and was also known as Marriott Senior Living Services and or Marriott MapleRidge Assisted Living Community, located at 274 Slocum Road, Dartmouth, Bristol County, Massachusetts.

8) Defendants, Marriott International, Inc. and MSLS-MapleRidge, Inc. are the real parties in interest as the owners and operators of the above-referenced assisted living residence wherein it is alleged that negligent care, supervision or treatment caused the plaintiff's decedent her injuries and will be referred to as "defendants" collectively.

9) Stasia St.Amand, at all times relevant hereto, suffered from a mental impairment associated Dementia and according to the defendants she suffered from "memory disorder" and thus preventing her from understanding the nature or effects of her acts and thus prevented her from comprehending her legal rights.

## COUNT I
### Negligence

10) Plaintiff hereby realleges and repeats paragraphs 1-9 of this Complaint, in the same manner and fashion as if expressly set forth herein.

11) Defendants, at all time pertinent hereto, was a certified assisted living residence in the Commonwealth of Massachusetts.

12) Defendants, at all times pertinent hereto, were the owner and/or operator of MapleRidge of Dartmouth and was also known as Marriott Senior Living Services and or Marriott MapleRidge Assisted Living Community, located at 274 Slocum Road, Dartmouth, Bristol County, Massachusetts from January 26, 2001 to February 6, 2002, when the injuries, which are the subject matter of this complaint, were occasioned.

13) As Mrs. St. Amand was a paying resident of said assisted living residence, defendants by and through their employees, had contractual and other duties to provide competent supervision, monitoring and other services to Mrs. St. Amand as required by law and consistent with community standards.

14) Defendants also had a duty to provide safety at all times for its residents, including Mrs. St. Amand.

15) Defendants held themselves out to be a specialist in the field of assisted living with the expertise to maintain the monitoring, supervision and safety and well being of persons unable to care for themselves on a daily basis, such as Mrs. St. Amand.

16) The defendant also had a duty to refrain from injuring its residents, including Mrs. St. Amand.

17) Notwithstanding said duties, on or about May 24, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

18) Notwithstanding said duties, on or about August 3, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

19) Notwithstanding said duties, on or about August 4, 2001, Mrs. St. Amand fell on the defendant's premises and was injured.

20) Notwithstanding said duties, on or about August 6, 2001, Mrs. St. Amand was found to have an injury of unknown origin.

21) Notwithstanding said duties, on or about October 16, 2001, Mrs. St. Amand wandered (eloped) and her whereabouts unknown.

22) Notwithstanding said duties, on or about November 29, 2001, Mrs. St. Amand was allowed to wander about the facility without cloths and lack of dignity.

23) Notwithstanding said duties, on or about December 13, 2001, Mrs. St. Amand wandered (eloped) and her whereabouts unknown.

24) Notwithstanding said duties, on or about January 12, 2002, Mrs. St. Amand fell on the defendant's premises and was injured.

25) Notwithstanding said duties, on or about January 15, 2002, Mrs. St. Amand was found to have an injury of unknown origin.

26) Notwithstanding said duties, on or about January 21, 2002, Mrs. St. Amand fell on the defendant's premises and was injured.

27) On or about January 26, 2002, Mrs. St. Amand was sent to the hospital with broken ribs and internal bleeding injury.

28) As a direct and proximate result of the defendant's failure to supervise their residents and monitor their facility, Mrs. St. Amand was allowed to fall and wander multiple times, was delayed medical treatment, was not transferred to a more appropriate setting and suffered multiple injuries, including mental and physical deterioration, rib fractures, painful hospital intervention, and other injuries.

29) The defendants negligently permitted Mrs. St. Amand to sustain injury and failed to prevent accidents.

30) The defendants negligently failed to properly train its staff in monitoring Mrs. St. Amand and others like her who was unable to attend to their own safety and were confined to an assisting living residence.

31) The defendants negligently failed to provide safety to its residents and Mrs. St. Amand resulting in Mrs. St. Amand's injuries.

32) This defendant was further negligent as it:

a. Carelessly and negligently failed to provide safe environment of Mrs. St. Amand;

b. Carelessly and negligently failed to provide proper training to staff regarding Dementia;

c. Carelessly and negligently failed to provide adequate and proper supervised services as needed by Mrs. St. Amand;

d. Carelessly and negligently failed to maintain Mrs. St. Amand's dignity;

e. Carelessly and negligently failed to provide necessary monitoring and supervision services for Mrs. St. Amand;

f. Carelessly and negligently failed to prevent the incidents from occurring;

g. Carelessly and negligently failed to seek immediate treatment and hospital intervention for Mrs. St. Amand;

h. Carelessly and negligently failed to aide in a time of need and danger;

     i. Carelessly and negligently failed to act as a reasonable prudent assisted living facility under the circumstances.

     j. Carelessly and negligently failed to transfer Mrs. St. Amand to a more appropriate environment.

33) At all times pertinent hereto, Mrs. St. Amand was unable to care for herself and was under the exclusive control and supervision of the defendants.

34) At all times pertinent hereto, Mrs. St. Amand was in the exercise of due care under the circumstances and was otherwise free from any and all comparative negligence.

35) As a direct and proximate result of the defendant's wrongful and negligent acts and omissions, as aforesaid, Mrs. St. Amand was severely injured, was caused to endure extreme conscious pain and suffering for an extended period of time, suffered bodily injury, incurred expenses for her medical treatment, hospitalized, and was otherwise injured and damaged as a direct and proximate result of these acts and omissions.

**WHEREFORE**, the Plaintiff prays that judgment be entered in their favor and against the defendants in an amount deemed just and fair by this Honorable Court, together with interest, attorney fees, costs of suit, and for such other relief as the Court may a allow.

## COUNT II
### Violation of Regulations

36) Plaintiff realleges and repeats paragraphs 1 through 35 of this Complaint in the same manner and fashion as if expressly set forth in herein.

37) The defendants, at all times relevant hereto have failed to provide a sufficient number of trained, experienced and competent personnel; have failed to provide appropriate services and supervision and safety for all residents and have failed to ensure that their personal needs are met and that they remain free of accidents, failed to ensure dignity, all in violation of the regulations for assisted living facilities of the Massachusetts Executive office of Elder Affairs, 651 CMR 12.00, et seq.

38) The defendants failed to comply with state laws, rules, regulations, and guidelines designed to protect the health and safety of residents such as Mrs. St. Amand. The defendants were negligent per se in violating the following regulations:

    a.    651 CMR 12:04 which relates to **General Requirements For An Assisted Livings Residents** and several of its subparts.

    b.    651 CMR 12.08 which relates to **Resident Rights** and several of its subparts;

    c.    651 CMR 12.05 which relates to **Record Requirements** and several of its subparts;

    d.    any other regulations, which were violated as, ascertained during the course of discovery.

39) As a direct and proximate result of said violation of regulation, Mrs. St. Amand, was exposed to risk of personal injury from abuse, mistreatment or neglect, and did, in fact suffer such personal injury as a result thereof.

**WHEREFORE**, Plaintiffs demand judgment against the defendants, for violation of law, statute or regulation in a sum of money deemed sufficient by the Court of Jury to compensate the plaintiff for personal injuries, bills for medical care and attendance, and for pain and suffering, together with interest and costs.

## COUNT III
### Breach of Contract

40) Plaintiff realleges and repeats paragraphs 1 through 39 of this Complaint in the same manner and fashion as of expressly set forth in herein.

41) The defendants, for good and sufficient consideration undertook to provide to plaintiff services for her occupancy, board, safety, comfort and care adequate to meet her reasonable needs and requests, such services to meet or exceed the minimum levels of services established by state regulations and community standards.

42) The defendants' failure to adhere to contract provisions signed with plaintiff and/or their failure to adhere to regulations set forth in previous Count, constitute breaches of contract.

43) Defendants failed to provide plaintiff with adequate services and failed to meet her reasonable needs and requests and failed to provide services at levels at or above the minimum levels set by law and community standards, all in breach of their contract obligations to plaintiff.

44) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury while a resident at defendants' facility.

45) As a direct and natural result of said breaches of contract, plaintiff was exposed to risk of personal injury from mistreatment, carelessness or neglect, and did, as a result, suffer injury on May 24, 2001; August 3, 4, 6, 2001; October 16, 2001; November 29, 2001; December 13, 2001; January 10, 12, 15, 21, 23, 26, 27 2002 and thereafter.

**WHEREFORE,** Plaintiff demands judgment against the defendant, in a sum of money deemed sufficient by the Court of Jury to compensate her for personal injuries, bills for medical care and attendance and for pain and suffering, disfigurement, scarring and for return of moneys paid by Plaintiff or on her behalf to Defendants together with interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS**

The Plaintiff,
By Her Attorney

A True Copy By Photostatic Process
Attest:
_[signature]_
Asst. Clerk of Courts

_[signature]_
DAVID J. HOEY
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864
978 664-3633
BBO: 628619

Dated: July 7, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-853 | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|

**PLAINTIFF(S)**: Estate of Stasia St. Amand

**DEFENDANT(S)**: Marriott International, INC.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 978-664-3633
David J. Hoey
350 Park Street North Reading MA 01864
Board of Bar Overseers number: 628619

**ATTORNEY**: BRISTOL, SS SUPERIOR COURT FILED AUG - 5 2005 MARC J. SANTOS, ESQ. CLERK/MAGISTRATE

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.: B99
TYPE OF ACTION (specify): Assisted Living
TRACK: (F)
IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................... Approx. $10,000
2. Total Doctor expenses ........................... Approx. $5,000
3. Total chiropractic expenses ........................... $
4. Total physical therapy expenses ........................... Approx. $6,000
5. Total other expenses (describe) ...... Ambulance ...... Approx. $750.00
   Subtotal $22,000.00

B. Documented lost wages and compensation to date ........................... $
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ........................... $
E. Reasonably anticipated lost wages ........................... $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff's decendent while a resident of Defendant's Assisted Living
   Residence fell multiple times fracturing her ribs and other injuries
   as a result of neglect
   $
   TOTAL $ 850,000
   excess of

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

The Complaint also contains a Breach of Contract Count

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 7-29-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000



**LAW OFFICES OF DAVID J. HOEY, P.C.**
350 Park Street, Suite 205 • North Reading, MA 01864
hoeylaw@earthlink.net • www.hoeylaw.com
(978) 664-3633
(978) 664-3643 Fax

August 2, 2005

Bristol County Superior Court
Civil Clerk's Office – Taunton
9 Court Street Room 13
Taunton, Massachusetts 02780

Re: **Marlene Boucher as Executrix of the Estate of Stasia St. Amand**
Vs: **Marriott International, Inc.**
**Civil Action No.: (pending)**

Dear Clerk:

Enclosed please find:

1) Filing fee of $285.00, which include the cost for two Summons;

2) Civil Action Cover Sheet;

3) Complaint;

4) Self addressed stamped envelope.

Thank you for your assistance.

Very truly yours,

DAVID J. HOEY