UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARLENE BOUCHER AS EXECUTRIX )
OF THE ESTATE OF STASIA ST. )
AMAND )
          PLAINTIFF )
)
V. )
) C.A. No. 1:05-cv-11720
MARRIOTT INTERNATIONAL, INC. )
MSLS-MAPLERIDGE, INC. doing )
business as MARRIOTT SENIOR LIVING )
SERVICES and, or MARRIOTT )
MAPLERIDGE ASSISTED LIVING )
COMMUNITY )

**THE DEFENDANTS, MARRIOTT INTERNATIONAL, INC. AND
MSLS-MAPLERIDGE, INC.'S ANSWER
AND JURY DEMAND**

The defendants, Marriott International, Inc. and MSLS-MapleRidge, Inc. hereby respond to the plaintiff's Complaint.

## GENERAL ALLEGATIONS

1. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The defendants admit that Marriott International, Inc. is a Delaware corporation with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland.

3. The defendants deny that Marriott International, Inc. owned, managed and/or operated MapleRidge of Dartmouth, an assisted living residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et. Seq.

4. The defendants admit that MSLS-MapleRidge, Inc. is a Delaware corporation having its principal place of business at 7902 Westpark Drive, McLean, VA.

5. The defendants admit that MSLS-MapleRidge, Inc. owned MapleRidge of Dartmouth, an assisted living residence in the Commonwealth of Massachusetts as defined by 651 CMR 12.00-12.14, et.seq. The defendants deny that MSLS-MapleRidge, Inc. managed or operated MapleRidge of Dartmouth.

6. The defendants deny that MSLS-MapleRidge, Inc. "was doing business as" MapleRidge of Dartmouth as they understand the meaning of that phrase. The defendants deny that MSLS-MapleRidge, Inc. "was also known as" Marriott Senior Living Services and or Marriott MapleRidge Assisted Living Community an assisted living residence located at 274 Slocum Road, Dartmouth, Bristol County, Massachusetts as they understand the meaning of that phrase.

7. The defendants admit that from January 26, 2001 to February 6, 2002, Stasia St. Amand was a resident of MapleRidge of Dartmouth which is also referred to as MapleRidge Assisted Living Community, located at 274 Slocum Road, Dartmouth, Bristol County, Massachusetts. The defendants deny that MapleRidge of Dartmouth was also known as Marriott Senior Living Services.

8. The allegations contained in paragraph 8 of the Complaint state legal conclusions as to which no response is required. The defendants deny Marriott International, Inc. was the owner or operator of MapleRidge of

Dartmouth. The defendants admit that MSLS-MapleRidge owned MapleRidge of Dartmouth and deny that it operated MapleRidge of Dartmouth. The defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. The defendants admit that Stasia St. Amand suffered from dementia. The defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

## COUNT I
### Negligence

10. The defendants repeat their responses to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. The defendants admit that MapleRidge of Dartmouth was a certified assisted living residence in the Commonwealth of Massachusetts. The defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. The defendants deny that from January 26, 2001 to February 6, 2002, Marriott International, Inc. was the owner or operator of MapleRidge of Dartmouth. The defendants admit that from January 26, 2001 to February 6, 2002 MSLS-MapleRidge owned MapleRidge of Dartmouth and deny that it operated MapleRidge of Dartmouth. The defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. The defendants deny that Marriott International, Inc. had contractual or other duties relative to MapleRidge of Dartmouth. The remaining allegations

contained in paragraph 13 of the Complaint state legal conclusions as to which no response is required.

14. The defendants deny that Marriott International, Inc. had contractual or other duties relative to MapleRidge of Dartmouth and therefore deny the allegations in paragraph 14 of the Complaint that are directed to it. The defendants deny that the allegations set forth in paragraph 14 of the Complaint properly state any duties owed by MSLS-MapleRidge, Inc. and therefore deny the remaining allegations contained in paragraph 14 of the Complaint.

15. The defendants admit that MapleRidge of Dartmouth was an assisted living facility certified by the Commonwealth of Massachusetts and that it met and exceeded the requirements thereof. The remaining allegations contained in paragraph 15 of the Complaint appear to reflect the plaintiff's perceptions about the defendants, and as to those perceptions, the defendants lack knowledge or information sufficient to form a belief as to their truth.

16. The allegations contained in paragraph 16 of the Complaint are argumentative and therefore no response is required. The defendants deny that they caused injury to Stasia St. Amand.

17. To the extent the allegations in paragraph 17 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

18. To the extent the allegations in paragraph 18 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied.

As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

19. To the extent the allegations in paragraph 19 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

20. To the extent the allegations in paragraph 20 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

21. To the extent the allegations in paragraph 21 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

22. To the extent the allegations in paragraph 22 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

23. To the extent the allegations in paragraph 23 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

24. To the extent the allegations in paragraph 24 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

25. To the extent the allegations in paragraph 25 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

26. To the extent the allegations in paragraph 26 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

27. To the extent the allegations in paragraph 27 of the Complaint seek to assert or imply negligence on the part of the defendants, said allegations are denied. As to the remaining allegations, the defendants lack knowledge or information sufficient to form a belief as to their truth.

28. The defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The defendants admit that Stasia St. Amand was a resident of MapleRidge of Dartmouth from January 26, 2001 to February 6, 2002. The defendants admit that Stasia St. Amand suffered from dementia which limited her ability to care for herself. The defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint state a legal conclusion as to which no response is required. If called upon to respond, the defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The defendants deny the allegations contained in paragraph 35 of the Complaint.

## COUNT II
### Violation of Regulations

36. The defendants repeat their responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. The defendants deny the allegations in paragraph 37 of the Complaint.

38. The defendants deny the allegations in paragraph 38 of the Complaint.

39. The defendants deny the allegations in paragraph 39 of the Complaint.

## COUNT III
### Breach of Contract

40. The defendants repeat their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The defendants admit that MapleRidge of Dartmouth was an assisted living facility certified by the Commonwealth of Massachusetts and that it met and exceeded the requirements thereof. The remaining allegations contained in paragraph 41 of the Complaint appear to reflect the plaintiff's perceptions about the defendants, and as to those perceptions the defendants lack knowledge or information sufficient to form a belief as to their truth.

42. The defendants deny the allegations in paragraph 42 of the Complaint.

43. The defendants deny the allegations in paragraph 43 of the Complaint.

44. The defendants deny the allegations in paragraph 44 of the Complaint.

45. The defendants deny the allegations in paragraph 45 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims on which relief can be granted against the defendants.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by the acts or omissions of third persons over whom the defendants exercised no control and for whose conduct the defendants bear no responsibility.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part to the extent the conduct of the decedent, contributed to cause her alleged injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were caused by the intervening and superseding actions of third persons.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery to the extent the decedent's conduct alone or in conjunction with the conduct of third parties was the sole proximate cause of her alleged injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery to the extent she failed to take reasonable and appropriate action to mitigate the injuries and damages allegedly sustained.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred to the extent she failed to give timely notice of any of the injuries alleged and the defendants have been prejudiced thereby.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or reduced by the equitable doctrine of waiver, estoppel, laches or unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred as there has been an accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendants reserve the right to amend their answer as discovery warrants.

### JURY DEMAND

The defendants demand a trial by jury on all issues.

MARRIOTT INTERNATIONAL, INC.
MSLS-MAPLERIDGE, INC.

By their Attorneys

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
James M. Campbell
Michelle I. Schaffer
One Constitution Plaza
Boston, MA 02129
617-241-3000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel for all parties by mail on September 7, 2005.

David J. Hoey
Law Office of David J. Hoey, P.C.
350 Park Street, Suite 205
North Reading, MA 01864

_____
Michelle I. Schaffer